# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY D. HARPER,<br><br>               Plaintiff,<br>  v.<br>US DOJ; LOS ANGELES POLICE DEPT.; LONG BEACH POLICE DEPARTMENT; ARCO GASOLINE,<br><br>               Defendant. | CASE NO. 16cv1199-WQH-BLM<br><br>ORDER |

HAYES, Judge:

On May 19, 2016, Plaintiff initiated this action by filing a Complaint (ECF No. 1) and a motion to proceed in forma pauperis ("IFP") (ECF No. 2).

## I. Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In an affidavit, Plaintiff states that his gross pay is $4,025 per month. (ECF No. 2 at 1). He states that he has $280 in his bank account. *Id*. at 2. He states that his monthly expenses are $4,400. *Id*. After considering Plaintiff's motion and affidavit the

Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1951(a).

## II.     Initial Screening of Complaint

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts to show: (1) the violation of a right secured by the constitution or laws of the United States, and (2) that the alleged deprivations were committed by persons acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Plaintiff alleges that "the city of Long Beach used its police officer to come inside a store" and harass him "about a drink [he] attempted to purchase . . . ." (ECF No. 1 at 3). Plaintiff alleges that "the entire ordeal shows that the US has criminal enterprises that involves police officers." *Id*. Plaintiff alleges that the police officer was influenced by "satanic devil worshiping." *Id*. Plaintiff claims are grounded on emotional pain, suffering, mental anguish, and inconvenience without offering any allegations to support his claims. *Id*. at 4-7. Plaintiff requests relief in a sum far exceeding a trillion dollars.

The Court cannot clearly determine under what legal theory Plaintiff's cause of action arises. To the extent that Platiniff asserts a claim under 42 U.S.C. § 1983,

1 | Plaintiff has not stated a claim upon which § 1983 relief can be granted because he has
2 | not alleged a violation of a Constitutional right.  Further, Plaintiff cannot state a claim
3 | against the Untied States Department of Justice or ARCO Gasoline because neither of
4 | those entities acts "under the color of state law."  The Court concludes that Plaintiff
5 | fails to state a claim.

**III. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is granted (ECF No. 2).

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed.

DATED: May 27, 2016

**WILLIAM Q. HAYES**
United States District Judge